UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE HOLMES, et al., | 1:06-cv-01527-SMS |
| Plaintiffs, | ORDER GRANTING MOTION OF DEFENDANT WALBRO ENGINE MANAGEMENT, LLC., FOR LEAVE TO FILE SECOND AMENDED ANSWER (DOC. 51) |
| v. | |
| HOME DEPOT USA, INC., et al., | |
| Defendants. | |
| | ORDER DIRECTING DEFENDANT TO FILE SECOND AMENDED ANSWER WITHIN FIFTEEN DAYS OF SERVICE OF THIS ORDER |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court is the motion of Defendant Walbro Engine Management, LLC., for leave to file a first amended answer.[1]

The instant suit is one for personal injury and property damage to both Plaintiffs based on general negligence and product liability and suffered when a lawnmower which Defendants manufactured and sold was used by Plaintiff Vernon Holmes in

---

[1] Because Defendant has already filed one amended answer, the motion is considered as a motion for leave to file a second amended answer.

1

1 August 2005, and resulted in a fire. Defendant WEM filed an
2 answer on September 20, 2006, and an amended answer on October 6,
3 2006. The motion for leave to file an amended answer was filed on
4 December 6, 2007, with a memorandum and declaration of Daniel P.
5 Lyons with attachments. Plaintiffs filed notice of non-opposition
6 on December 28, 2007, in which they stated that they had no
7 opposition for the granting of the motion for leave to file a
8 first amended answer to set up an omitted compulsory counterclaim
9 against Plaintiff Vernon Holmes. Defendant filed a notice on
10 January 14, 2008, in which it requested that the motion be
11 granted without a hearing and the matter be submitted on the
12 papers. By separate order, the hearing on the motion has been
13 vacated, and the matter has been submitted to the Court for
14 decision.
15     Based on facts obtained in discovery, Defendant WEM seeks to
16 file a second amended answer to set up omitted counterclaims
17 against Plaintiff Vernon Holmes, including indemnity, declaratory
18 relief, and negligence based on Plaintiff's allegedly illegal and
19 negligent act of mowing dried weeds and grass on his property in
20 violation of California law.
21     The parties have stipulated to a continuance of expert
22 disclosure dates and other dates.
23     Fed. R. Civ. P. 13(f) provides that the Court may permit a
24 party to amend a pleading to add a counterclaim if it was omitted
25 through oversight, inadvertence, or excusable neglect or if
26 justice so requires. Generally, pursuant to Rule 15(a), amendment
27 of pleadings should be liberally allowed, and in determining
28 whether leave to amend should be granted, courts consider factors

2

1  such as the good faith and diligence of the claimant, the extent
2  of the delay, futility of amendment, and the danger of prejudice
3  to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).
4  These factors are likewise considered in determining if, pursuant
5  to Rule 13(f), leave should be granted to allow an amendment to
6  allege a counterclaim omitted through oversight, inadvertence, or
7  excusable neglect, or when justice requires. Pioneer Investment
8  Services Co. v. Brunswick Associates Limited Partnership, 507
9  U.S. 380, 392 n. 10 (1993); Hip Hop Beverage Corp. v. RIC
10 Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620
11 (C.D.Cal. 2003). Generally, although the decision to grant or
12 deny a motion for leave to amend is governed by the district
13 court's discretion, amendment is permitted unless the opposing
14 party makes a showing of undue delay, bad faith, undue prejudice,
15 or futility of amendment on the part of the moving party. Hip Hop
16 Beverage Corp. RIC etc., 220 F.R.D. 614, 620 (C.D.Cal. 2003).

17      A counterclaim is compulsory, and thus must be alleged in
18 the action or be lost after its conclusion, if it arises out of
19 the same transaction or occurrence as the plaintiff's claim. Fed.
20 R. Civ. P. 13(a); Hydranautics v. Filmtec Corp., 70 F.3d 533, 536
21 (9th Cir. 1995). A claim arises out of the same transaction or
22 occurrence if the issues of fact and law are largely the same for
23 both the claim and counterclaim, the same evidence will support
24 or refute both claims, res judicata would bar a subsequent suit
25 on the defendant's claim, or there is a logical relationship
26 between the claim and counterclaim. FDIC v. Hulsey, 22 F.3d 1472,
27 1487 (10th Cir. 1994).

28      Here, the counterclaim arises out of the same transaction

1  and raises some issues of fact and law that are the same as the
2  underlying claim. There is no showing of improper purpose, undue
3  delay, or prejudice. The motion is unopposed.
4      Accordingly, it IS ORDERED that the motion of Defendant
5  Walbro Engine Management, LLC., for leave to file a second
6  amended answer, IS GRANTED.
7      Defendant SHALL FILE the second amended answer no later than
8  fifteen days after the date of the filing of this order.

10 IT IS SO ORDERED.

11 **Dated:    January 14, 2008**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

4