UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
ALICE HOLMES, et al.,         ) 1:06-cv-01527-SMS
                              )
            Plaintiffs,       ) ORDER GRANTING MOTION TO DISMISS
    v.                        ) DEFENDANT DU PONT PURSUANT TO
                              ) FED. R. CIV. P. 41(a)(2) (DOC.
HOME DEPOT USA, INC., et al., ) 107)
                              )
            Defendants.       )
                              )
_____)
```

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court is the motion of Plaintiff to dismiss Defendant E. I. Du Pont de Nemours and Company (Du Pont) pursuant to Fed. R. Civ. P. 41(a)(2), filed on October 17, 2008. By separate order, the hearing on the motion has been vacated, and the matter has been submitted to the Court for decision.

The instant suit is one for personal injury and property damage to both Plaintiffs, based on general negligence, product liability, and breach of warranty, suffered when a lawnmower which Defendants manufactured and sold was used by Plaintiff

1

1  Vernon Holmes in August 2005 and caught fire. Plaintiffs filed a
2  first amended complaint (FAC) on May 12, 2008, in which Defendant
3  DuPont Industries was named for the first time as a defendant.
4  (Doc. 78.) Plaintiffs filed a second amended complaint (SAC) on
5  July 22, 2008, with a correction to the defendant's name, E. I.
6  Du Pont de Nemours and Company; Plaintiff's counsel declares in a
7  declaration submitted with the motion to dismiss that Du Pont was
8  named because written discovery had revealed that Du Pont might
9  have been a bulk material supplier to the manufacturer of a part
10 at issue in the action. The docket reflects that Du Pont answered
11 on August 20, 2008, denying the allegations in the complaint and
12 stating affirmative defenses, but not filing any claims against
13 any other party to the suit or any other entity.
14      Plaintiffs' counsel further declares that Plaintiffs have
15 decided that they can prosecute their case and obtain full relief
16 without Du Pont being named; Plaintiffs desire to dismiss
17 Defendant Du Pont without prejudice. However, when Plaintiffs
18 sought a stipulation from Defendants for the dismissal,
19 Defendants Walbro Corporation and Briggs and Stratton Corporation
20 refused to stipulate. Plaintiffs know of no proper basis for the
21 refusal. The Court notes that the docket reflects that the
22 Defendants did not file any opposition to the motion to dismiss.
23      Fed. R. Civ. P. 41(a)(2) provides in substance that unless
24 sought before service of an answer or motion for summary
25 judgment, or effected pursuant to a stipulation of dismissal
26 signed by all parties who have appeared, dismissal of an action
27 at the plaintiff's request may only be by court order.
28      Here, there are no counterclaims pending. No sound basis for

2

1 refusing Plaintiff's request appears on the record.
2      Accordingly, it IS ORDERED that
3      1) Plaintiff's motion to dismiss Defendant E. I. du Pont de
4 Nemours and Company IS GRANTED; and
5      2) Defendant E. I. du Pont de Nemours and Company IS
6 DISMISSED from the action without prejudice.
7
8 IT IS SO ORDERED.
9 **Dated:   November 20, 2008**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE