UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE HOLMES, et al., ) | 1:06-cv-1527-SMS |
| ) Plaintiffs, ) | ORDER GRANTING THE MOTION OF DEFENDANT BRIGGS & STRATTON CORPORATION FOR LEAVE TO FILE AN AMENDED ANSWER STATING A CROSS-CLAIM AGAINST CO-DEFENDANTS DAPCO INDUSTRIES AND WALBRO CORPORATION (DOC. 166) |
| v. ) MTD PRODUCTS, INC., et al., ) ) Defendants. ) ) | |
| | ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT DAPCO (DOC. 156) |
| | ORDER CONFIRMING CONTINUANCE OF EXPERT DISCOVERY DEADLINE TO AUGUST 15, 2009 |

Plaintiffs are proceeding with counsel with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court are two interrelated motions, one filed by Plaintiff to dismiss Defendant DAPCO Industries (DAPCO), and one filed by Defendant Briggs & Stratton Corporation (B&S) for leave to file an amended answer containing a cross-claim against Co-Defendants Walbro Corporation (Walbro) and DAPCO Industries.

1

I. <u>Motion for Leave to File an Amended Answer</u>

    A. <u>Background</u>

The instant suit is one for personal injury and property damage to both Plaintiffs based on general negligence and product liability and suffered when a lawnmower which Defendants manufactured and sold was used by Plaintiff Vernon Holmes in August 2005, and resulted in a fire. The action was removed to this Court in September 2006. Defendant Walbro Corporation filed an answer on September 20, 2006, and an amended answer on October 6, 2006; it was granted leave to file an amended answer setting up a previously omitted compulsory counterclaim against Plaintiff Vernon Holmes on January 15, 2008, and did so on January 17, 2008.

Defendant Dapco was added as a defendant to the second amended complaint pursuant to a stipulation filed on April 22, 2008, in which it was recited that Plaintiffs could file a first amended complaint (FAC) to add two new defendants who through discovery provided by Walbro Corporation had been discovered to be manufacturers of component parts of the MTD lawnmower that is the subject of the products liability case. (Doc. 74 p. 1.) It was alleged in the FAC that Dapco negligently designed, manufactured, and distributed the MTD riding lawnmower and was also subject to strict liability. (Doc. 78 pp. 5-6.) These allegations reappeared in the second amended complaint (SAC) filed on July 22, 2008, pursuant to a stipulation to permit correction of the name of another new defendant, Du Pont. (Doc. 86 pp. 4-6.)

Defendant Dapco answered on July 29, 2008, denying the

substantive allegations of the SAC on the basis of lack of information and belief, and stating affirmative defenses. (Doc. 89.) A motion for summary judgment brought by Defendant Home Depot USA was denied on November 20, 2008. Defendant Du Pont was dismissed from the action in December 2008 pursuant to the unopposed motion of Plaintiffs. Another summary judgment motion was withdrawn because discovery was still incomplete.

Discovery is ongoing, with a discovery deadline of June 12, 2009; nondispositive motions filing deadline, June 12, 2009; dispositive motions filing deadline by June 26, 2009; pretrial conference, August 20, 2009; jury trial of five to seven weeks, October 5, 2009. (Doc. 145.) Plaintiff's counsel has filed a notice that the trial date conflicts with another set for trial in San Diego County Superior Court for October 2, 2009. (Doc. 176.) However, at the hearing on this motion, Plaintiffs' counsel confirmed that he is not formally seeking a continuance of the trial date.

A motion for determination of good faith settlement was filed by Defendant Home Depot U.S.A., and it is set for hearing on May 8, 2009. In the motion it is asserted that during litigation, it was discovered that the lawnmower was sold by Montgomery Wards, not Home Depot, so Plaintiffs settled with Home Depot for $7,500. (Doc. 172.)

With respect to the pending motions, Plaintiffs move to dismiss Defendant DAPCO Industries pursuant to Fed. R. Civ. P. 41(a)(2), having filed a motion and declaration on February 9, 2009, to which opposition with a declaration were filed by Defendant Briggs and Stratton (B&S) on February 24, 2009.

1    On March 11, 2009, Defendant B&S filed a motion for leave to
2 amend its answer to add a cross-claim against co-defendant Walbro
3 Engine Management, LLC, and DAPCO Industries, including a
4 memorandum, a declaration of Lawrence A. Margoles with
5 attachments, and a proposed order. Defendants Walbro Corporation
6 and DAPCO Industries filed opposition to the motion for leave to
7 amend on March 31, 2009. On April 10, 2009, Defendant B&S filed a
8 reply and a declaration of Lawrence A. Margoles.
9    The two motions were reset for hearing on April 17, 2009,
10 when the motions came on regularly for hearing at 9:30 a.m. in
11 Courtroom 7 before the Honorable Sandra M. Snyder, United States
12 Magistrate Judge. Warren Paboojian appeared on behalf of
13 Plaintiffs; Anthony Warburg appeared telephonically on behalf of
14 Defendant MTD; Lawrence Margoles appeared telephonically on
15 behalf of Defendant B&S; Mark Busick appeared for Defendant
16 Walbro; and Toby Magarian appeared telephonically on behalf of
17 Defendant DAPCO. After argument the matter was submitted to the
18 Court.

### B. Motion to Amend

With respect to the motion to amend, Defendant B&S seeks to amend its answer to assert cross-claims for indemnity against Co-Defendants Walbro Engine Management, LLC (erroneously served as Walbro Corporation) and DAPCO Industries, cross-claims that clearly arise out of the same transaction and occurrence and the same facts as described in the operative complaint.

Defendant B&S argues that when it filed its answer, it lacked sufficient knowledge and information regarding the underlying operative facts; it now has a good faith claim against

Defendants Walbro and DAPCO.

Counsel have established that ongoing discovery has revealed that Defendant B&S manufactured the engine, which was incorporated into an MTD riding law mower of Plaintiff; the B&S engine contained component parts manufactured by Defendants Walbro and DAPCO, including a carburetor and plastic fuel-fitting elbow, which Plaintiff's expert, Alex Wong, has opined in a report received by Defendant B&S within the past two weeks was defectively designed in that the plastic part was unsuitable for use in the carburetor due to temperature and weather stresses, and it failed and causally contributed to the fire that in turn resulted in the injuries of which Plaintiffs complain. Although Defendant Walbro apparently chose to use the plastic part, Defendant DAPCO knew what the part was being used for and continued to manufacture it. Further, depositions of Wong have yet to occur; therefore, the precise nature and extent of the expert's opinions, and bases therefor, have not been fully ascertained. However, at hearing, counsel for Defendant Walbro represented that Defendants Walbro and B&S jointly designed the part alleged to have been defective, but DAPCO manufactured and supplied it with knowledge of the use to which it was to be put. Defendant B&S contends that neither the engine nor any component part was defective; the cause of the fire was unrelated to the components. However, because of Plaintiff's claim, B&S seeks to pursue indemnity cross-claims against the manufacturers of the components.

Further, Defendant B&S contends that justice and judicial economy require that the cross-claim be asserted in one action,

and no prejudice will be caused to the parties.

### C. Legal Standards

Fed. R. Civ. P. 15(a) provides in pertinent part:

**a) Amendments Before Trial.**

**(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
(A) before being served with a responsive pleading; or
(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

**(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Further, Fed. R. Civ. P. 13(g) provides:

**Crossclaim against a Coparty**. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Although the rule is to be construed liberally, leave to amend is not automatically granted. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990). In determining whether the Court should exercise its discretion to allow amendments, the following factors should be considered: (1) whether the movant unduly delayed seeking leave to amend, or acted in bad faith or with dilatory motive; (2) whether the party opposing amendment would be unduly prejudiced by the amendment; 3) whether there have been repeated failures to cure, and (4) whether amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). However, in the absence of any apparent or declared

reasons, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of agreement, and so forth, leave should be freely given. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Pursuant to Rule 13(g), it is generally permissible to add a claim for indemnity against a codefendant that is contingent upon the outcome of the main action. Atlantic Aviation Corp. v. Costas' Estate, 332 F.Supp. 1002, 1006-07 (D.C.N.Y. 1971).

### D. Analysis

There is no assertion made that the claims are inadequately stated or futile. Under California law, indemnity generally consists of an obligation resting on one party to make good a loss or damage another party has incurred. Rossmoor Sanitation v. Pylon, 13 Cal.3d 622, 628 (1975).

The Court has considered that Defendant DAPCO's entry into the controversy was relatively late. Further, the depositions of the persons most knowledgeable within the various entities who are Defendants, as well as the receipt of the opinions of Plaintiff's expert Alex Wong, have been recent. In addition, the Court is mindful of the uncertain and uncompleted state of discovery with respect to expert opinions. The Court concludes that on the record before it, there has been no undue, unreasonable delay considering all the circumstances.

It does not appear that B&S will be prejudiced if the motion is denied. A cross-claim for equitable indemnity is permissive, not compulsory. Peterson v. Watt, 666 F.2d 361, 363 (9th Cir.

1982). Such a cross-claim is necessarily contingent upon the outcome of the main claim and thus cannot be compulsory. Fed. R. Civ. P. 13(a); see, Hall v. General Motors Corp., 647 F.2d 175, 184 n. 38 (D.C. Cir. 1980). Therefore, if a cross-claim is neither asserted nor litigated, it has been held that the parties cannot be barred from asserting it in a later action by res judicata. Peterson v. Watt, 666 F.2d at 363. Thus, B&S would have to bring another action, but it has not demonstrated that it would forfeit or otherwise lose any part of its claim.

However, the Court concludes that there will be no prejudice to the Plaintiffs, the proposed Cross-Defendants, or any other Defendants because both of the proposed Cross-Defendants have participated in most of the pertinent discovery, with the exception of a few depositions; as to the missed discovery, it appears that forgoing attendance was a conscious choice made by some of the Co-Defendants in reliance on statements of Plaintiff's counsel, who intended to seek the Court's permission to dismiss Defendant DAPCO. However, transcripts of the pertinent depositions, and in most or all cases, even videotapes, are extant and subject to review. Legally sufficient prejudice has not been demonstrated. Further, the Court remains open to timely requests for specific relief with respect to any of the missed discovery after completion of a full process of meeting and conferring among the parties' counsel.

II. Motion to Dismiss Defendant Dapco

Subject to other provisions of law, a party may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed.

R. Civ. P. 41(a). After service of an answer or summary judgment motion, unless the parties stipulate to dismissal, an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1169 (9th Cir. 1994); <u>Stevedoring Service of America v. Armilla International. B.V.</u> 889 F.2d 919, 921 (9th Cir. 1989). In exercising its discretion, the court should determine whether or not to allow dismissal at all; whether the dismissal should be with, or without, prejudice; and what terms and conditions, if any, should be imposed. <u>Burnette v. Godshall</u>, 828 F.Supp. 1439, 1443 (N.D.Cal. 1993). The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal. <u>Id.</u> Dismissal is generally permitted, unless the defendant will suffer "some plain legal prejudice" as a result of the dismissal. <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir. 1982).

An examination of legal prejudice involves a focus on the rights and defenses available to a defendant in future litigation to see if there is prejudice to some legal interest, some legal claim, or some legal argument. <u>Westlands Water District v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996). Courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, the right to a jury trial, or a defense by way of the statute of limitations. <u>Westlands Water District v. United States</u>, 100 F.3d at 97. Legal prejudice is present when dismissal

of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. Westlands, 100 F.3d at 97 (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994)).

Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or will have to incur substantial expense in preparing for trial; indeed, dismissal will be ordered even where the plaintiff would gain a tactical advantage thereby. Hamilton v. Firestone Tire & Rubber Co., 679 F.2d at 145. The expense incurred in defending against a lawsuit does not amount to legal prejudice; a defendant's interests can be protected by conditioning dismissal without prejudice upon payment of appropriate costs and attorney's fees, although such a condition is not mandatory. Westlands Water District v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

Factors relevant to the determination of whether the dismissal should be with or without prejudice include the defendant's effort and expense involved in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and insufficient explanation of the need to take a dismissal. Burnette v. Godshall, 828 F.Supp.1439, 1443-44 (N.D.Cal. 1993). Further, the court must weight the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. Id. at 1444.

Here, in connection with the motion for leave to amend, the

Court has considered the pertinent factors and has concluded that in the circumstances of the present case, permitting Defendant to amend its answer to assert cross-claims is appropriate. In light of the foregoing analysis, the Court considers Plaintiff's motion for dismissal of Defendant DAPCO to be moot, and Plaintiff's motion for dismissal will be denied.

III. Disposition

Accordingly, it IS ORDERED that

1) Defendant B&S's motion for leave to file an amended answer IS GRANTED, and

2) Defendant B&S SHALL FILE the amended answer within ten days of the date of service of this order; and

3) Cross-Defendants shall answer the cross-complaint within fifteen days of the date of service of the amended answer; and

4) Plaintiffs' motion to dismiss Defendant DAPCO IS DENIED; and

5) In order to permit the orderly completion of depositions, and pursuant to the agreement of the parties expressed at the hearing on April 17, 2009, the expert discovery deadline is continued to August 15, 2009.

IT IS SO ORDERED.

**Dated:   April 27, 2009**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE